Opinion issued February 26, 2009













In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-07-00207-CR

____________


JOHNNIE GREEN, JR. , Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 230th District Court

Harris County, Texas

Trial Court Cause No. 1099880





 

MEMORANDUM OPINION

 Appellant, Johnnie Green, Jr., appeals a judgment that convicts him for
aggravated assault with a deadly weapon. See Tex. Penal Code Ann. § 22.02(a)(2)
(Vernon Supp. 2008). Appellant pleaded not guilty to the jury. The jury found him
guilty, and determined his sentence at eight years in prison. In three issues, appellant
contends (1) the trial court erred by denying appellant's request for the instruction of
defense a third person; (2) the trial court erred by denying appellant's request during
voir dire to question a specific juror as to bias against the appellant; and (3) his trial
counsel rendered ineffective assistance. We conclude that the trial court properly
denied the requested jury charge, that appellant did not preserve error concerning the
denial of voir dire questions, and that appellant has not shown that his trial counsel's
performance fell below an objective standard of reasonableness. We affirm.

Background

 Appellant hosted a family fish fry with his wife at their house, where a game
of dominoes took place towards the back of the driveway. A dispute about a
dominoes game erupted between John Dixon, appellant's nephew, and Emille Davis,
appellant's brother. When Dixon refused to stop playing dominoes, Davis left the
area and soon returned with appellant. A physical altercation ensued between Dixon,
Davis, and appellant. According to Phillip Manning, who was playing dominoes at
the time, Dixon grabbed Davis by the collar and was repeatedly punching Davis in
the face. Appellant left the fist fight to run into his house, immediately after
threatening to kill Dixon.

 Appellant soon returned with a .22 revolver. Appellant was the only person
who had a gun or weapon. When he returned to the carport area, appellant fired his
gun into the air as appellant told Dixon to get off of Davis. After the warning shot,
it is undisputed that Dixon tried to get away from Davis, but Davis held Dixon's shirt
to stop Dixon from leaving. Appellant then fired a second shot towards Dixon. The
second shot hit Davis's leg. The injury to Davis caused Davis to release his hold on
Dixon, allowing Dixon to attempt to leave. But appellant kept firing the gun, striking
Dixon in the chest. Appellant shot at Dixon until he ran out of bullets. 

 At trial, appellant testified that he believed Davis was going to be severely
beaten if appellant did not intervene. Appellant testified Dixon "placed [Davis] on
the ground and was beating him unmercifully," and "[Dixon] was power pile driving
[Davis]." Appellant testified that he did not believe he could physically subdue
Dixon. Appellant stated that he retrieved his gun in the hope that displaying it would
cause Dixon to stop beating Davis. Appellant further testified that, while he was
holding the gun, he feared Dixon would disarm appellant and then kill appellant and
Davis. Appellant testified that when he fired the first shot, which was a warning shot,
he told Dixon to let go of Davis. According to appellant, Dixon then complied by
letting go of Davis and came towards appellant. Appellant testified that the second
shot was designed to stop Dixon from advancing on appellant, but that bullet instead
hit Davis. Appellant said Dixon kept advancing on appellant so appellant kept firing
at Dixon. At trial, the jury charge included the instruction of deadly force in defense
of one's self. Appellant requested the charge of defense of a third person, but the trial
court denied the request.

Jury Charge

 In his first issue, appellant asserts the trial court erred by refusing to instruct
the jury on the defense of a third person. 

 A. Applicable Law

 If evidence is presented that raises the issue of the defense of a third person,
the defendant is entitled to have it submitted to the jury. Kennedy v. State, 193
S.W.3d 645, 653 (Tex. App.--Fort Worth 2006, pet. ref'd).; see also Guilbeau v.
State, 193 S.W.3d 156, 159 (Tex. App.--Houston [1st Dist.] 2006, pet. ref'd). A
reviewing court must view the evidence or testimony in a light most favorable to the
appellant. Id. The defendant's testimony alone may be sufficient to raise the
defensive theory, and the truth or credibility of the defendant's testimony is not an
issue. Id. 

 The Penal Code provides,

 A person is justified in using force or deadly force against another to
protect a third person if:


 (1) under the circumstances as the actor reasonably believes them to be,
the actor would be justified under Section 9.31 or 9.32 in using force or
deadly force to protect himself against the unlawful force or unlawful
deadly force he reasonably believes to be threatening the third person he
seeks to protect; and


 (2) the actor reasonably believes that his intervention is immediately
necessary to protect the third person.

Tex. Penal Code Ann. § 9.33 (Vernon 2008). 

 B. Error Analysis

 At trial, the trial court discussed its rationale for denying the request for the
instruction on the defense of a third person. The trial court explained, 

 Mr. Green said once he fired the warning shot that Mr. Dixon charged
toward him. So as I read this, if your client was guilty of assaulting
someone but in defense of a third person, there had to be an assault
ongoing on the third person when your client allegedly committed the
assault. Since there was no assault going on, on Emille, the third person,
when he fired his shot that hit Mr. Dixon - in fact, he didn't even intend
to shoot Mr. Dixon at the time, according to Mr. Green's own testimony
- all I wanted to do was stop the fracas, the fight. He shot up in the air. 
He did do away with the attack on Emille and Emille would be the third
person that he was - would have been protecting. So that protection is
all over. . . . Mr. Green himself said he shot Mr. Dixon, intended to
shoot at him and shoot him when he was coming toward him in self-defense of his person. So I don't see any defense of third person. . . . 


 Viewed in the light most favorable to appellant, the evidence shows that
appellant was acting in defense of a third person, Davis, when appellant shot the first 
round into the air. That shot, however, did not strike anyone. After that, it is
undisputed that Dixon stopped assaulting Davis and began charging appellant. The
evidence is undisputed that, after the initial warning shot, appellant was firing to
protect only himself because the altercation between Davis and Dixon had ended and
at that point Dixon was trying to get away from Davis. See Kennedy, 193 S.W.3d at
653 (holding trial court did not err by denying requested instruction on defense of
third person where evidence showed complainant was not threatening third persons,
but grappling with appellant and appellant's testimony contradicted defense of third
person). We hold the trial court did not err by denying the request for an instruction
on defense of third person. 

 We overrule appellant's first issue.

Voir Dire

 In his second issue, appellant asserts that the trial court abused its discretion
by denying appellant's request to question a specific juror as to bias against the
appellant. However, appellant did not make that request until after the jury was
empaneled and sworn. 

 The record shows the clerk announced each of the names of the people who
would serve on the jury. No objection was made to the composition of the jury. The
trial court swore in the jury and recessed the case for a later day. 

 When the court reconvened on the following Tuesday, and prior to the
commencement of the State's case-in-chief, appellant objected to Juror 8, Michael
Mitchell, based upon Mitchell's marriage to an assistant district attorney from Harris
County. Trial counsel requested that the trial court remove the juror based on this
conflict of interest. The trial court noted that the juror had disclosed this information
in the jury information form. Trial counsel also asked the trial court to question the
juror regarding his bias, but the trial court refused the request, noting that the time for
voir dire had passed.

 The failure to question a juror on a subject constitutes a forfeiture of the right
to complain thereafter. Webb v. State, 232 S.W.3d 109, 115 (Tex. Crim. App. 2007). 
Waiting until after voir dire is completed to complain about unasked questions fails
to preserve error with regard to limitations upon voir dire. Dhillon v. State, 138
S.W.3d 583, 590 (Tex. App.--Houston [14th Dist.] 2004, pet. struck). Considering
that the juror disclosed his relationship with an assistant district attorney in the juror
information cards made available to the attorneys during voir dire, we hold appellant 
waived error by failing to request time to conduct voir dire questions about the
relationship because that request was not made until after the jury was sworn in and
empaneled. 

 We overrule appellant's second issue.

Ineffective Assistance of Counsel

 In his third issue, appellant contends that trial counsel's representation was
ineffective by failing to object to inadmissable hearsay evidence. 

 To prevail on a claim of ineffective assistance of counsel, the defendant must
show that trial counsel's performance was deficient and a reasonable probability
exists that the result of the proceeding would have been different. Strickland v.
Washington, 466 U.S. 668, 687, 693, 104 S. Ct. 2052, 2064, 2068 (1984). The first
prong of the Strickland test requires that the defendant show that counsel's
performance fell below an objective standard of reasonableness. Thompson v. State,
9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Thus, the defendant must prove
objectively, by a preponderance of the evidence, that trial counsel's representation
fell below professional standards. Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim.
App. 2002). The second prong requires that the defendant show "a reasonable
probability that, but for counsel's unprofessional errors, the result of the proceeding
would have been different." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068;
Thompson, 9 S.W.3d at 812. Because the reviewing court must, however, indulge a
strong presumption that counsel's conduct falls within the wide range of reasonable
professional assistance, the defendant must overcome the presumption that, under the
circumstances, the challenged action "might be considered sound trial strategy."
Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. 

 It is well-settled that a failure to object to admissible evidence does not
constitute ineffective assistance of counsel. Green v. State 191 S.W.3d 888, 895
(Tex. App.--Houston [14th Dist.] 2006, pet. ref'd). Appellant asserts trial counsel
was ineffective during the following exchange between the prosecutor and the
witness, Lenora Choice:

 [STATE]: Did you ever hear [appellant] say anything?

 [CHOICE]: Yes

 [STATE]: What did he say?

 [CHOICE]: Ole bitch ass nigger, I'm going to kill you.

 [STATE]: When did you hear him say that?

 [CHOICE]: During the process of him shooting.

 Here, the threat by appellant while he was in the process of the offense is a res
gestae statement that is admissible. Tex. R. Evid. 801(e)(2)(A); see also Johnson v.
State, 263 S.W.3d 405, 422 (Tex. App.--Waco 2008, pet. struck) ("Rule
801(e)(2)(A) plainly and unequivocally states that a criminal defendant's own
statements, when being offered against him, are not hearsay.") Because failure to
object to admissible testimony does not constitute ineffective assistance of counsel,
trial counsel cannot be found ineffective on these grounds. 

 We conclude that appellant does not meet the first prong of Strickland because
he fails to show that his counsel's performance fell below an objective standard of
reasonableness. See Mitchell, 68 S.W.3d at 642; Thompson, 9 S.W.3d at 812. We
hold that appellant has failed to show that he received ineffective assistance of
counsel. 

 We overrule appellant's third issue.


Conclusion

 We affirm the judgment of the trial court.




 Elsa Alcala

 Justice


Panel consists of Chief Justice Radack and Justices Alcala and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).